# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**JUSTIN S. RILEY**  PETITIONER

**v.**  **CIVIL CASE NO. 4:25-CV-P-41-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**  RESPONDENTS

## MEMORANDUM OPINION

*Pro se* Petitioner Justin S. Riley, a federal pretrial detainee housed at the Daviess County Detention Center (DCDC), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As set forth below, the Court will dismiss the petition.

## I.

Riley's petition raises claims that his Fourth Amendment right against excessive force was violated when he was arrested on August 13, 2024, on federal drug charges. According to Riley, at his arrest Owensboro Police Department (OPD) Officers Troy Couch, Chad Gilbert, and two unknown patrol officers left him in the patrol car in excessive heat until he became unconscious and had to be transported to the hospital. He further claims that, while he was unconscious, the OPD officers broke his left foot and then later forced him to walk on it.[1] Riley seeks release from custody to attend a long-term treatment program to address his drug addiction, as well as to seek physical therapy as recommended for his foot.

## II.

The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Here, however, Riley does not challenge the fact or duration of his confinement;

---

[1] Riley's 42 U.S.C. § 1983 excessive-force suit against these officers on these facts is pending, *Riley v. U.S. Marshalls, et al.*, No. 4-24-cv-113-JHM.

rather he wishes to be released to pursue treatment, thereby implying that he cannot receive treatment at DCDC or that the treatment at DCDC is not acceptable to him. Constitutional challenges to the conditions of confinement, such as Riley's, are proper subjects for relief under 42 U.S.C. § 1983.[2] *Id*.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983."); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (per curiam) (holding that Owens's claim which "involve[d] the conditions of his confinement [including improper medical care] . . . is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief.").

Regardless, to be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, Riley is required to first exhaust available remedies. For federal pretrial detainees, courts have strongly preferred that the detainees seeking pretrial release file an appeal under 18 U.S.C. § 3145(b)-(c) as opposed to a § 2241 habeas action. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Joiner v. United States*, No. 1:07 CV 1726, 2007 WL 2688177, at *1 (N.D.

---

[2] Although the *Preiser* Court did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims, *id*., the Supreme Court has not upheld a "conditions of confinement" habeas claim. *See Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004) (per curiam) (acknowledging that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . .").

Ohio Sept. 10, 2007); *Cox v. United States*, No. 1:21-CV-P27-GNS, 2021 WL 1392844, at *2 (W.D. Ky. Apr. 12, 2021).

### III.

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court dismisses such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: June 18, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
U.S. Attorney
4414.009